IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>KALI ALEXANDER,<br>RASHEAM NICHOLS,<br>JUSTIN MAXWELL,<br>TERRANCE CHAPPELL, and<br>KENNETH FLOWERS,<br><br>   Defendants. | Case Number 1:14 CR 00341<br><br>JUDGE PATRICIA A. GAUGHAN<br><br>**DEFENDANTS' JOINT TRIAL BRIEF** |

  Defendants Kali Alexander, Rasheam Nichols, Justin Maxwell, Terrance Chappell and Kenneth Flowers, through their respective undersigned counsel, hereby submit this Joint Trial Brief in compliance with the Court's October 17, 2014 Criminal Pretrial Order.

**I. STIPULATIONS**

  Undersigned counsel are in agreement to stipulate to the prior conviction(s) of each of defendants involved in this case.

**II. JURY INSTRUCTIONS**

  Defendants are in agreement with the jury instructions proposed by the government, with the following exceptions.

On page 13, Defendants request the addition of the following language from Sixth Circuit Pattern Criminal Jury Instruction 2.01D: "Your decision on any one defendant should not influence your decision on any of the other defendants." This additional language could be placed at the beginning of Section (4).

On pages 22-23: Defendants object to the Court reading the "Manner and Means" as well as "Acts in Furtherance" sections being included as they are not elements of the offense.  If the Court agrees that they should be included Defendants request that the Court include cautionary language to the effect that what the jury is hearing is / are not the factual findings of the Court but are strictly matters alleged by the government .  The basis of this objection is to avoid a situation where the jury is confused about whether they are to accept those matters as fact because they come from the Court as part of the instructions.

On page 26, Defendants request the addition of language to Section (3)(A)(2) indicating that proof of an agreement between a defendant and a government agent or informer is not sufficient. The Committee Commentary to Pattern Instruction 14.05, citing *U.S. v. Pennell*, 737 F.2d 521, 536 (6th Cir. 1984) and *U.S. v. Nunez*, 889 F.2d 1564, 1568-1570 (6th Cir. 1989) recognizes this instruction is required where important given the facts of a particular case.

On page 27, regarding Count Two, Defendants request language to the effect that "Conspiracy is different and distinct from the crime that was alleged to be part of the conspiracy."  This is suggested in the Committee Notes to the pattern instruction which cites to *U.S. v. Van Hee,* 53 F. 2d 352 (6th Cir. 1976).

Additionally on page 27, Count Two, Defendants request the following language: "However, the amount of controlled substance attributed to any individual defendant must be proven beyond a reasonable doubt to have been reasonably foreseeable to that particular defendant."  See *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946)*; Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Defendants also request, as to Count 2, the 846 offense, the inclusion of Sixth Circuit Pattern Criminal Jury Instruction 14.07(B), quoted below, and the accompanying special verdict forms.

> **Sixth Circuit Pattern Criminal Jury Instruction**
> **14.07B UNANIMITY REQUIRED: DETERMINING AMOUNT OF CONTROLLED SUBSTANCE (' 846)**
>
> (1) The defendant is charged in Count _____ of the indictment with conspiracy to [*insert object(s) of conspiracy*].  If you find the defendant guilty of this charge, you will then be asked to determine the quantity of the controlled substance involved in the conspiracy as a whole.  You will be provided with a special verdict form for this purpose.
>
> (2)  If you find by unanimous agreement that the government has proved beyond a reasonable doubt that the conspiracy as a whole involved a quantity of at least _____ of a mixture or substance containing a detectable amount of [*name controlled substance*], then please indicate this finding on the special verdict form.
>
> [(3) If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity.  If you unanimously find that the government has proved beyond a reasonable doubt that the conspiracy as a whole involved a quantity of at least _____ of a mixture or substance containing a detectable amount of [*name controlled substance*], then please indicate that finding on the special verdict form.]

(4) In determining the quantity of the controlled substance involved in the conspiracy as a whole, you need not find that the defendant knew the quantity involved in the offense.

Undersigned counsel for Defendant Terrance Chappell is requesting the following instruction regarding overt acts.

**Sixth Circuit Pattern Criminal Jury Instruction**
**3.04 OVERT ACTS**

(1) The third element that the government must prove is that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

(2) The indictment lists overt acts. The government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

(3) But the government must prove that at least one of these acts was committed by a member of the conspiracy. This is essential.

**III.  PROPOSED VOIR DIRE QUESTIONS**

Defendants, by and through undersigned counsel, hereby request that in addition to the Court's usual voir dire, the following questions also be asked of the panel.

**A.  CHARGES**

This case involves the allegations that the defendants knowingly possessed firearms. How do you feel about this allegation?

How many of you feel that, because of the nature of this allegation it might be difficult for you to sit as a juror?

This case also involves the allegations that the defendants knowingly intended to possess with the intent to distribute kilos of cocaine. How do you feel about this allegation?

How many of you feel that, because of the nature of this allegation it might be difficult for you to sit as a juror?

Do any of you feel that you could not fairly listen to the evidence and weigh the evidence in a case that contains allegations of this nature?

Some of you may be concerned about guns and about crime. As jurors in this case, you would be required to set aside your concerns and attitudes on general issues and decide this case independently and solely on the evidence and the instructions as the Court gives them to you. How many of you feel that you might find that difficult?

Now that you have heard the allegations in this case have you formed any opinion on the case?

Have you heard anything about this case on television or on social media?  If so, would this influence your ability to be fair and impartial?

If you have formed an opinion, are you able to set that opinion completely aside and to decide this case based solely and exclusively upon the evidence presented in Court and upon the instructions of law given to you by the Court?

Have you ever posted any comment or "blog" regarding criminal cases or the criminal justice system? What type of case, why, what was the comment or blog?

You will be instructed to avoid communicating with anyone about the events that transpire during this case until you have reached a verdict. This includes sending e-mail, "blogging", "tweeting" or sending text messages. Can you follow this instruction?

How many of you have strong feelings about gun control?

Have you or anyone close to you had an unpleasant experience where guns were involved?

Does anybody on the jury have experience using firearms, or does anybody have any particularized knowledge regarding the mechanics of how a handgun works?
Have you ever fired a handgun or rifle?

Do you now own or have you ever owned firearms?

If so, what make and model, and what was the purpose- protection, hunting, collection?

Do you shoot guns on a regular basis?

    **B.    VICTIM OF CRIME**

Have you, a family member or relative, or a close friend ever been involved in a criminal case as a defendant, victim, witness, or complainant?

Have you, your spouse, your significant other, a relative or a close friend ever been the victim of a crime? What type of crime? What happened?

Have you or anyone close to you ever been a victim of assaultive behavior?

Have any of you or anyone close to you ever felt in danger of being assaulted? What happened?

Do you feel safe from crime?

How concerned are you with your own personal safety?

Are there any particular crimes that are especially upsetting to you or that worry you?

Have any of you or anyone close to you ever undergone counseling or training in areas dealing with violence or drugs?

### C. RIGHT OF A DEFENDANT TO NOT TESTIFY

Do you expect any of the defendants to testify?

What is your opinion of people that do not testify on their own behalf?

How would you feel if the defense did not call any witnesses?

If a defendant did not testify and did not call any witnesses on his own behalf would this make you think that he must be guilty?

If a defendant chooses to testify, would you be able to give the defendant's testimony the same consideration you would give any other witness?

If a defendant(s) chooses to testify, would you be able to be fair and impartial to the other defendant(s) who chose not to testify?

### D. BURDEN OF PROOF

A fundamental principle of our legal system is that when a person is charged with a criminal offense, he or she is presumed to be innocent unless and until the government proves guilt beyond a reasonable doubt. The defendants do not need to produce any evidence whatsoever to prove their innocence. How do you feel about applying this rule of law?

If you are chosen to serve as a juror in this matter, the court will instruct you that a defendant is presumed to be innocent and the presumption of innocence can be overcome only if the Government proves, beyond a reasonable doubt, each essential

element of the crimes charged. There is no burden on a defendant to prove that he or she is innocent.  How do you feel about this rule of law?

How many of you now have any opinion as to each defendants' guilt or innocence right now?

How many of you believe that because the defendants were arrested and charged with a crime, that they are probably guilty of something?

How many of you feel that you might have some difficulty presuming that the defendants are innocent of the charges against them in this case?

Since the defendants are presumed innocent of the charges they have no obligation to call any witnesses. How do you feel about this rule of law?

### E. PRIOR CONVICTIONS

There may be evidence that some of these defendants have a prior criminal record.

Would the fact that a defendant has a criminal record cause you to render guilty verdict in this case?

Will the fact that a defendant has a prior record prevent you from being a fair and impartial juror?

Will you have trouble presuming a defendant to be innocent because he has a prior record?

Will you be able to determine each defendant's guilt or innocence based, not on his prior record, but the evidence presented in this case?

Do you believe that a person who has previously been convicted of a crime is more likely to be involved in a criminal offense than someone who has never been convicted of a crime?

### F. EXPERIENCES WITH COURTS AND LAW ENFORCEMENT

Are any of you, your close family or friends lawyers or law students or have any of you ever studied law in the past?

Have any of you, your close family or friends ever worked, either formally or informally, or applied for employment with, a law enforcement agency?  This includes but is not limited to a police department, a sheriff's department, the F.B.I., the D.EA., the A.T.F., a prosecutor's office, Military Police, U.S. Customs Office or private security firms?

How many of you (or your close friends or relatives) have been employed by any prison, jail, department of corrections, probation office, or parole agency?

Are you presently or have you ever been involved in law enforcement (including police, highway patrol, sheriff's office, military police, correctional officers, probation and parole officers, juvenile officers and security guards)?

Have any of you (or your close friends or relatives) ever worked for either a Federal or local court system in any capacity?

Have any of you, your spouses or significant others ever served on a grand jury in either the Federal or state court system? If so, do you understand that there is a difference in the burden of proof. Specifically, a grand jury does not require proof beyond a reasonable doubt, it is simply probable cause. In this case the defendants are innocent unless and until the government proves a defendant's guilt beyond a reasonable doubt.

Have any of you, your spouses or significant others ever sat before on a criminal jury. If so, what kind of case was it and did you reach a verdict?

Were you the jury foreperson?

Is there anything about that experience--whether it involved the lawyers, the judge, the accused, the evidence, or your jury deliberations--that makes you feel that you would have trouble being fair and impartial, or that you believe would make it difficult for you to serve as a juror in this case?

Have any of you formed any opinions about either prosecutors or defense attorneys which would affect you in deciding a criminal case?

### G.   CREDIBILITY OF LAW ENFORCEMENT AGENTS

In deciding believability, jurors may consider how the witnesses presented themselves, certain factors in the witnesses background, and many other factors. However, you may not judge credibility of a witness simply based upon that person's occupation or position in life. Understanding these rules, would you be able to judge the credibility of law enforcement officers and other government witnesses by the same standard as any other witness?

How many of you feel that police testimony is more likely to be believable or reliable than testimony by another witness?

If you had to choose who to believe, a police officer or a witness called by a defendant, how many of you would be more likely to believe the police officer because he is a police officer?

How many of you agree that in general police don't make mistakes?

### H. ORGANIZATIONS

Do any of you now, or have you within the past five years, belonged to or participated in any crime prevention groups, such as neighborhood watch organizations or any other crime prevention groups, victims of crime advocates?

What organizations do you belong to?

Do any of you have a background or experience as a drug counselor or therapist?

### I. ROLE OF A JUROR

To reach a verdict, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors. In the final analysis, however, you must follow your own conscience and be personally satisfied with any verdict.  Would any of you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

Do any of you feel that you would tend to go along with the majority of jurors even if you did not agree just because you were in the minority?

Is there anything about your opinion of the judicial system that might affect your ability to be a fair and impartial?

During deliberation, if you have formed an opinion, would it be difficult for you to keep an open mind and listen to the opinion of others?

If a majority of other jurors reached a difference conclusion from you after considering the evidence, would you be likely to change your opinion to conform to their simply because their opinion was in the majority?

If you come to the conclusion that the prosecution has not proven the guilt of the accused beyond a reasonable doubt, and you found that a majority of the jurors believed a Defendant was guilty, would you change your verdict only because you were in the minority?

If you concluded that a Defendant did something wrong but that conduct was not the crime charged, would you be capable of disregarding your conclusions and acquitting a defendant because the evidence did not prove the Defendant guilty of the crime charged?

Would you prefer, for any reason, not to sit on this case?

If you were to put yourself in the place of the Defendants, is there any reason why you would not want someone like yourself to sit on this jury?

Is there anything in any of the questions that I have asked you which causes doubt in your mind as to your ability to reach a verdict based solely upon the evidence that will be offered in this case?

## IV. EVIDENTIARY QUESTIONS

Undersigned counsel respectfully submit that any anticipated evidentiary questions have been addressed in pre-trial motions.

## V. LENGTH OF TRIAL

Undersigned counsel estimate the trial of this case will take four (4) days.

## VI. CONCLUSION

WHEREFORE, defendants, through their respective undersigned counsel, hereby jointly submit this Trial Brief.

Respectfully submitted,

s/ Robert A. Dixon

_____
ROBERT A. DIXON (OH 0022466)
4403 St. Clair Avenue
Cleveland, Ohio 44103
Telephone: (216) 432-1992
Fax: (216) 881-3928
E-Mail: dixonlaws@aol.com
Counsel for Defendant Kali Alexander

s/ John A. Fatica

_____
JOHN A. FATICA (OH 0055435)
The IMG Center
1360 East 9th Street, Suite 910
Cleveland, Ohio 44114
Telephone: (216) 696-2348
Fax: (216) 503-0990
E-Mail: john@fatica.com
Counsel for Defendant Rasheam Nichols

s/ Joan E. Pettinelli

_____
JOAN E. PETTINELLI (OH 0047171)
Wuliger, Fadel & Beyer, LLC
1340 Sumner Avenue
Cleveland, Ohio 44115-2851
Telephone: (216) 781-7777
Fax: (216) 781-0621
E-Mail: joanepettinelli@wfblaw.com
Counsel for Defendant Justin Maxwell

s/ James J. McDonnell

_____
JAMES J. MCDONNELL (OH 0005802)
1370 Ontario Street Suite 2000
Standard Building
Cleveland, Ohio 44113
Telephone: (216) 781-2125
E-Mail: jamesjmcdonnell@sbcglobal.net
Counsel for Defendant Terrance Chappell

s/ Fernando O. Mack

_____
FERNANDO O. MACK (OH 0062937)
420 Lakeside Place
323 Lakeside Avenue, W.
Cleveland, Ohio 44113
Telephone: (216) 556-9610
Fax: (216) 781-6242
E-Mail: losmacks@msn.com
Counsel for Defendant Kenneth Flowers

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2015 a copy of the foregoing was electronically filed.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system and all parties may access this filing through the Court's system.

/s/ John A. Fatica_____
JOHN A. FATICA, Esq.
Counsel for Defendant Rasheam Nichols

-11-